IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
v. )
) I.D. No. 0607012785
LEONARDO GOMEZ, )
Defendant. )

## ORDER

*On Defendant's Motion for Modification of Sentence – DENIED*

Filed:  September 3, 2022
Decided: September 27, 2022

James Kriner, Esquire, Deputy Attorney General, for the State of Delaware

Leonardo Gomez, *pro se*

**BRENNAN, J.**

Before the Court is Defendant's Motion for Modification of Sentence pursuant to Superior Court Criminal Rule 35, dated September 3, 2022. Defendant was sentenced on February 1, 2008, for the charge of Murder 2nd Degree to a period of eighteen (18) years at Level V to be suspended after serving fifteen (15) years for three (3) years at Level IV Home Confinement or Work Release, which is to be suspended after six (6) months for two (2) years supervision Level III, effective July 19, 2006.[1] On February 26, 2021, the Court received a letter from the Department of Corrections regarding a detainer lodged against Defendant by the Department of Homeland Security. This letter did not include a request for modification, nor was one made by Defendant immediately following. Accordingly, this letter was noted and placed upon the criminal docket in this criminal action as it did not constitute a request under 11 *Del. C.* § 4217.[2]

The instant motion for modification is, therefore, the first such motion filed in this case. Defendant now moves the Court to modify his sentence to eliminate the remaining 150 days of Level V so that he can be placed in the custody of Immigration and Customs Enforcement (hereinafter "ICE") for deportation back to his home county of Mexico. The State opposes this motion.

---

[1]     D.I. 29.
[2]     D.I. 30.

Rule 35(b) provides that the Court, "may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed."[3]   Defendant filed his motion well after 90 days from the date of his sentence and is time-barred.  The Court will only consider such an application made after this 90 day time period upon a showing of "extraordinary circumstances" by Defendant.[4]

Defendant argues in support of his motion that, "[t]he court has prior granted a defendant modification of their sentences because of deportation issues under the extraordinary circumstances clause of … Rule 35."[5]  While Defendant cites no legal authority in support of his assertion, both the State's response and the Court's own research revealed that in previous cases before this Court, the potential for deportation has acted as a factor in favor of sentence modification and reduction of Level V time.  However, this was only true in where a defendant requested a modification to *avoid* deportation.  That is not the situation here.  In fact, the situation is the opposite.  Defendant wishes to avoid completing his Level V sentence so that he can expedite his own deportation to his home country, without any assurances to the Court that any sort of supervision over Defendant would occur.

In determining whether extraordinary circumstances exist to circumvent the procedural bar of Rule 35 where a defendant is facing potential deportation, the

---

[3]     SUPER. CT. CRIM. R 35(b).
[4]     Super. Ct. Crim. R. 35(b); *Fenimore v. State*, 839 A.2d 665 (Del. 2003).
[5]     Defendant's Motion for Modification of Sentence

Court may weigh varying factors. These factors include, but are not limited to: 1) the nature of the initial sentence, 2) the time the defendant has spent incarcerated, 3) possible deportation of the defendant and 4) the hardships on innocent third parties should a defendant be deported due to his or her sentence.[6] The Court has weighed these factors and determined they do not favor Defendant.

In weighing the relevant factors, the Court first turns to the nature of the initial offense: one of the most serious crimes in the criminal code, the reckless killing of another under circumstances which manifested a cruel, wicked and depraved indifference to human life.[7] This factor weights against modification. Further, while Defendant has served all but roughly 150 days of his Level V sentence, in comparison to the nature of the charges and the fact that Defendant is the one seeking to expedite his own deportation, the Court does not find this rises to the level of extraordinary circumstances justifying the relief sought.[8] Defendant has not

---

[6]    *See State v. Lewis*, 2000 WL 33113932, at *3 (Del. Super. Oct. 27, 2000), *State v. Laboy*, 2003 WL 21517974, at *2 (Del. Super. July 1, 2003) and *State v. Johnson*, 2006 WL 32849 (Del. Super. Dec. 7, 2006).

[7]    11 *Del. C.* § 635(1).

[8]    *C.f. State v. Culp*, 152 A.3d 141 (Del. 2016) (rehabilitative efforts while incarcerated insufficient to qualify as extraordinary circumstances), *State v. DeRoche*, 2003 WL 22293654, at *3 (Del. Super. Aug. 29, 2003) (granting the defendant's motion for reduction of sentence due to Department of Correction's failure to give adequate medical care as an "extraordinary circumstance"); *Briddell v. State*, 810 A.2d 349 (Del. 2002) (upholding a denial of a reduction of sentence where defendant failed to meet his burden under extraordinary circumstances for failing to provide support for claims

provided the Court with any basis for a finding in his favor with respect to the remaining factors, nor has he given the Court any reason whatsoever to suspend his remaining Level V time other than by simply stating he wishes to be placed in ICE custody. The Court finds the reasoning for this request insufficient. As such, defendant has failed to meet his heavy burden to show how this reason for modification rises to the level of extraordinary circumstances. Consequently, Defendant's Motion for Modification of Sentence is **DENIED**.

     **IT IS SO ORDERED**, this 27th day of September, 2022.


/s/ Danielle J. Brennan
_____
Danielle J. Brennan, Judge

---

that the Department of Corrections did not meet his medical needs), and *State v. Lewis,* 2000 WL 33113932 at *2 (finding extraordinary circumstances existed, in part, due to the nature of the original sentence was to provide for a long probationary period).